**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEPHANIE LICCIARDI ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-123** |
| **SIG SAUER, INC.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Sig Sauer, Inc.'s Motion to Dismiss (Doc. 6). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Stephanie Lynn Licciardi alleges that she was working as a public safety officer at the LCMC hospital facility when the Sig Sauer Model P320 semi-automatic pistol that she was carrying unexpectedly discharged, resulting in a gunshot wound to her right thigh. Licciardi alleges that at the time of the discharge she was standing upright and placing the pistol into a holster. She alleges that the firearm discharged without any trigger pull or intentional activation and that she did not manipulate the trigger in any manner at the time of discharge. Licciardi brings claims under the Louisiana Products Liability Act ("LPLA") and state law negligence against Sig Sauer,

1

Inc., the manufacturer of the firearm. Licciardi's spouse, Kerri Lopez, brings a claim for loss of consortium.

Defendant argues that Plaintiffs have failed to state a claim and moves for dismissal of Plaintiffs' claims, or in the alternative, a more definite statement. Plaintiffs oppose.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

Defendant moves for dismissal of Plaintiffs' claims under both state law negligence and the LPLA.

### A. Negligence Claims

At the outset, Defendant argues that Plaintiffs' negligence claims are barred by the exclusivity provision of the LPLA. It is well-settled that the LPLA "is the exclusive remedy against a manufacturer for damage caused by a defective product,"[8] and "a plaintiff who alleges that a product is defective may not recover for damage caused by the product on the basis of any theory of liability other than the LPLA."[9] Plaintiffs have alleged that Defendant is the manufacturer of the firearm that caused their damages. Therefore, the LPLA is their exclusive remedy. Plaintiffs respond, however, that their negligence claims are pled in the alternative and are directed at Defendant's post-sale negligence. Plaintiffs do not, however, cite any law suggesting that a manufacturer's post-sale conduct falls outside of the LPLA framework or that a negligence claim can be brought in the alternative. Indeed, "courts have consistently held that the LPLA subsumes all possible causes of action, with

---

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[8] McCleary v. Elekta, Inc., No. CV 19-00052, 2019 WL 5295699, at *4 (W.D. La. Oct. 18, 2019).

[9] Wornner v. Christian Home Health Care, Inc., No. 13-6416, 2014 WL 130331, at *4 (E.D. La. Jan. 14, 2014).

the exception of a claim in redhibition."[10] Accordingly, Plaintiffs' negligence claims are dismissed.

### B. LPLA Claims

Next, Defendant moves for dismissal of Plaintiffs' LPLA claims. "To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else."[11] Under the LPLA,

> [a] product is unreasonably dangerous if and only if: (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55; (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56; (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[12]

Here, Plaintiffs have alleged that Defendant's firearm was unreasonably dangerous because of a design defect, a manufacturing defect, and a failure to warn. Defendant argues that Plaintiffs have failed to allege a claim under any of these theories.

---

[10] *McCleary*, 2019 WL 5295699, at *3 (citation modified).
[11] Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 260–61 (5th Cir. 2002).
[12] LA. REV. STAT. § 9:2800.54.

### 1. *Design Defect*

Pursuant to the LPLA:

> A product is unreasonably dangerous in design if, at the time it left its manufacturer's control: (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. [13]

"A complaint sufficiently pleads a design defect claim by alleging an alternative design in general terms, including the general characteristics of the alternative design." [14] Although "courts do not require that plaintiffs plead extremely detailed factual allegations to survive a motion to dismiss," the pleading must provide enough facts to create factual plausibility and must do more than provide "labels and conclusions or a formulaic recitation of the elements." [15]

Plaintiffs' Complaint alleges only that "a feasible alternative design existed that would have prevented the uncommanded discharge while maintaining the firearm's utility." [16] Plaintiffs do not allege "any facts relating to a viable alternative design." [17] Courts have routinely held that "a conclusory

---

[13] *Id.* § 9:2800.56.

[14] Baudin v. AstraZeneca Pharms. LP, 413 F. Supp. 3d 498, 506 (M.D. La. 2019) (citation modified).

[15] Celino v. Biotronik, Inc., 536 F. Supp. 3d 89, 106 (E.D. La. 2021) (citation modified); Flagg v. Stryker Corp., 647 F. App'x 314, 318 (5th Cir. 2016).

[16] Doc. 1.

[17] Rivers v. Remington Arms Co., LLC, No. CV 17-17124, 2018 WL 746392, at *4 (E.D. La. Feb. 7, 2018).

allegation that an alternate design exists will not suffice."[18] Accordingly, Plaintiffs have not pleaded sufficient facts to support a claim under the LPLA for a design defect.

### 2. *Manufacturing Defect*

Pursuant to the LPLA, "[a] product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer."[19] "Under the statute, a claimant must show not only what a manufacturer's specifications or performance standards are for a particular product, but how the product in question materially deviated from those standards so as to render it 'unreasonably dangerous."[20] Plaintiffs' Complaint alleges only that "the P320 deviated from Defendant's design specifications and/or performance standards in a manner that rendered the firearm unreasonably dangerous."[21] Here again, Plaintiffs' allegations are overly conclusory and lack any facts regarding Defendant's standard for the firearm or how the one received by Plaintiffs fell below that standard.[22] Accordingly, Plaintiffs have failed to state a claim under the LPLA for a manufacturing defect.

---

[18] *Rivers*, 2018 WL 746392, at *4 (citation modified); *Celino*, 536 F. Supp. 3d at 106; Robertson v. AstraZeneca Pharmeceuticals, LP, No. 15-438, 2015 WL 5823326, at *4 (E.D. La. Oct. 6, 2015).

[19] LA REV. STAT. § 9:2800.55.

[20] Lyles v. Medtronic Sofamor Danek, USA, Inc., 871 F.3d 305, 311 (5th Cir. 2017) (citation modified).

[21] Doc. 1.

[22] *Compare Rivers*, 2018 WL 746392, at *3 (holding that the plaintiff identified an allegedly defective condition in the composition of the rifle when he alleged that "the

6

### 3. *Failure to Warn*

Finally, a product is unreasonably dangerous due to a failure to provide an adequate warning if, "at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."[23] An "adequate warning" is "a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product" or use the product in a manner that would avoid the danger.[24] Therefore, "the manufacturer is liable for an inadequate warning only if the defect proximately caused the plaintiff's injury. The plaintiff bears the burden of proving that 'but for' the inadequate warning, the accident in question would not have occurred."[25]

Plaintiffs' Complaint alleges that Defendant failed to "provide adequate warnings or instructions regarding the risk of uncommanded discharge without trigger activation."[26] They further allege that "Defendant failed to provide recall notice or corrective instruction to Plaintiff despite having the means to do so" and that "the inadequate warnings were a proximate cause of

---

composition defect relates to the XMP trigger, which may have been manufactured using excess bonding agent and which can, under certain circumstances, unintentionally discharge").

[23] LA REV. STAT. § 9:2800.57.

[24] *Id.* § 9:2800.53.

[25] Fernandez v. Tamko Bldg. Prods., Inc., 2 F. Supp. 3d 854, 860 (M.D. La.), *on reconsideration in part* (Apr. 11, 2014).

[26] Doc. 1.

Plaintiff's injuries and damages."[27] Defendant correctly points out that these allegations are insufficient where Plaintiff has not alleged that "but for" a sufficient warning or recall notice she would not have used the P320 pistol or that she would have handled it differently. Accordingly, Plaintiffs have failed to state a claim for failure to warn under the LPLA.

Having found that Plaintiffs have not sufficiently pleaded any claim, the Court must consider whether leave to amend their Complaint should be given.[28] Federal Rule of Civil Procedure 15(a)(2) "*requires* courts 'freely give leave [to amend] when justice so requires.'"[29] The Fifth Circuit has held that courts "may not dismiss a complaint under [R]ule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[30] Accordingly, Plaintiffs shall be given leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiffs may amend their LPLA claims within 20 days of this Order to the extent that they can remedy the deficiencies identified herein. Failure to amend will result in dismissal of this action.

---

[27] *Id.*

[28] Because Plaintiff Lopez's loss of consortium claim is derivative of Plaintiffs' LPLA and negligence claims, it is also subject to dismissal.

[29] Carver v. Atwood, 18 F.4th 494, 498 (5th Cir. 2021) (quoting FED. R. CIV. PRO. 15).

[30] Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

New Orleans, Louisiana this 21st day of May, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

9